STATE OF NORTH CAROLINA v. SHEPARD DAVIS

No. 805SC820

(Filed 17 February 1981)

**Robbery § 4.7— armed robbery — insufficiency of evidence**

> In a prosecution of defendant for armed robbery, evidence was insufficient to be submitted to the jury where it did not place defendant in the store at the time of the robbery; although it placed him in the car stopped by officers and established that the stopped car resembled one seen outside the store immediately after the robbery, it did not show that defendant did anything to give active encouragement to the robbers or to make it known to them that he was either standing by to give them assistance or that he did give such assistance; although on *voir dire* of one of the police officers, the State did bring out the fact that defendant was the registered owner of the car stopped by the officers, this evidence was never presented to the jury; and no direct evidence related the nine one dollar bills discovered in the patrol car where defendant had been sitting to defendant or to the money taken in the robbery.

APPEAL by defendant from *Allsbrook, Judge.* Judgment entered 10 January 1980 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 13 January 1980.

Defendant was charged in a proper bill of indictment with armed robbery. Upon defendant's plea of not guilty, he was tried before a jury and found guilty of armed robbery. From a sentence imposing fifteen to thirty years imprisonment, defendant appeals.

At trial the State offered evidence tending to show that Jimmy R. Chappell was employed as a store clerk at the Seven-Eleven store on Princess Place Drive in Wilmington in the early morning of 15 September 1979. Chappell testified that shortly after 5:00 a.m. on 15 September, two black males entered the store. One of the men was short, thin, between twenty-five and thirty years of age and wore gray sweat pants, a green windbreaker, white sweat socks, white tennis shoes and a "golfer type cap." Another black male was of medium build, about five feet ten inches tall, weighing about 180 pounds, and was wearing a white shirt and a dark hat with a brim all around it. While the larger man stood behind Chappell, the smaller man approached the counter, pointed a small handgun at Chappell, and stated "this is a hold-up." The smaller man took approximately $70.00, consisting mostly of one dollar bills, from Chappell and left the store accompanied by the other black male. Before he called the police, Chappell noticed a large, light colored

State v. Davis

car with a dark vinyl top drive slowly past the store. There were no other cars on the street in front of the store at that time.

Responding to Chappell's call, a police officer observed a large, light colored car moving at a high rate of speed and coming off Princess Place Drive from the direction of the Seven-Eleven store. Soon thereafter, police officers stopped a large, light colored car that contained three black males. Defendant was in the back seat of the car. As the officers approached the car, the passenger in the front seat jumped out of the car and ran. Although this passenger eluded attempts to catch him, the officers observed that he was a short, slender black male wearing gray sweat pants and a green warm-up jacket. In the wake of this man's escape, next to the car on the ground, the officers found a golfer's type hat. The police officers handcuffed defendant and the driver of the car, Edell Hinson, and placed them in the back seat of their patrol car. Both defendant and Hinson were approximately five feet eleven inches tall and weighed 180 pounds. Defendant was wearing a floppy hat with a brim. While in the patrol car, defendant told the officers that he did not have any money. After transporting defendant to the police station, officers found nine one dollar bills wadded up in the back seat where defendant had been sitting. Although defendant and Hinson were presented to Chappell soon after the robbery, Chappell was unable to identify either as one of the robbers.

At the close of the State's evidence, defendant's motion to dismiss was denied. Defendant offered no evidence.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Lester V. Chalmers, Jr., and Assistant Attorney General Christopher P. Brewer, for the State.*

*M. Anderson Howell for defendant appellant.*

WELLS, Judge.

Defendant first assigns error to the failure of the trial court to grant defendant's motion to dismiss at the conclusion of the State's evidence. We believe that the decision of our Supreme Court in *State v. Aycoth,* 272 N.C. 48, 157 S.E. 2d 655 (1967), is applicable here and compels reversal. In *Aycoth,* the Court stated that:

"The mere presence of a person at the scene of a crime at the time of its commission does not make him a princi-

pal in the second degree; and this is so even though he makes no effort to prevent the crime, or even though he may silently approve of the crime, or even though he may secretly intend to assist the perpetrator in the commission of the crime in case his aid becomes necessary to its consummation." [Citations omitted.]

"All who are present at the place of a crime and are either aiding, abetting, assisting, or advising in its commission, or are present for such purpose to the knowledge of the actual perpetrator, are principals and equally guilty . . . . An aider and abettor is one who advises, counsels, procures, or encourages another to commit a crime . . . . To render one who does not actually participate in the commission of crime guilty of the offense committed, there must be some evidence tending to show that he, by word or deed, gave active encouragement to the perpetrator of the crime or by his conduct made it known to such perpetrator that he was standing by to lend assistance when and if it should become necessary." [Citations omitted.]

*State v. Aycoth, supra,* at 50-51, 157 S.E. 2d at 657. *See also State v. Ross,* 44 N.C. App. 323, 260 S.E. 2d 777 (1979).

In the case *sub judice,* the State's evidence does not place the defendant in the store at the time of the robbery. Although it places him in the car stopped by the officers and establishes that the stopped car resembled one seen outside the store immediately after the robbery, it does not show that defendant was doing anything to give active encouragement to the robbers or to make it known to them that he was either standing by to give them assistance or that he did give such assistance. Although on *voir dire* examination of one of the police officers, the State did bring out the fact that defendant was the registered owner of the car stopped by the officers, this evidence was never presented to the jury. No direct evidence relates the nine one dollar bills discovered in the patrol car where defendant had been sitting to defendant or to the money taken in the robbery.

While there is circumstantial evidence from which a reasonable inference might be drawn that defendant was present at the scene of the crime, the State's evidence does no more than establish

his "mere presence." *Aycoth v. State, supra.* The State's evidence is sufficient only to raise a suspicion or conjecture as to the defendant's participation in the robbery, and this is not sufficient to withstand defendant's motion to dismiss. *State v. Powell,* 299 N.C. 95, 98, 261 S.E. 2d 114, 117 (1980). The trial court erred in failing to grant defendant's motion to dismiss at the conclusion of the State's evidence.

Reversed.

Judges ARNOLD and HILL concur.