State v. Lively

Reversed and remanded.

Chief Judge HEDRICK and Judge ARNOLD concur.

STATE OF NORTH CAROLINA v. HARRY DWAYNE LIVELY

No. 8618SC409

(Filed 30 December 1986)

**Larceny § 7— insufficient evidence to show that defendant was perpetrator**

The evidence was insufficient to support defendant's conviction of felonious larceny of a riding lawn mower where it tended to show that the lawn mower had been painted orange by defendant's employer and was taken at night from outside the employer's building; a chemical analysis of a streak of orange paint found on the outside of defendant's white van and particles of orange paint found inside the van matched the color, texture, type and elemental composition of paint in aerosol cans which had been used to paint the mower; tire tracks were seen on the floor of defendant's van; the keys to defendant's van were in his possession the night of the theft; and defendant's witnesses offered a plausible explanation for the presence of orange paint on and in defendant's van.

APPEAL by defendant from *Seay, Judge.* Judgment suspending sentence entered 14 November 1985 in Criminal Superior Court, GUILFORD County. Heard in the Court of Appeals 22 September 1986.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isham B. Hudson, Jr., for the State.*

*Joseph E. Turner, Assistant Public Defender, for the defendant appellant.*

ORR, Judge.

Defendant was charged with the felonious larceny of a riding lawn mower in an indictment proper in form. He was found guilty by a jury and placed on supervised probation for five years in lieu of serving an active sentence of three years. Defendant appeals his conviction, contending that the State failed to introduce substantial evidence of each element of the larceny and that the trial court thereafter erred in denying defendant's motions to

dismiss and for a judgment notwithstanding the verdict. We agree.

Evidence presented by the State tended to establish the following facts:

Defendant began working for Paul Harding at Harding's Power Mower Company in Greensboro in May of 1984. Harding was in the business of repairing, rebuilding, and repainting lawn mowers and other small engine appliances. Among the machines on his premises was a Jacobsen lawn and garden tractor and a 50-inch mowing deck attachment, which Harding had purchased as a demonstrator in the fall of 1983. Harding had been offered $3,850 for the tractor and mowing deck, and he had begun repainting them in early September 1984 in preparation for delivery on 10 October 1984. The tractor and mowing deck were being painted orange, and they were the only items being painted in Harding's shop at the time.

The morning of 10 October 1984 Harding discovered that the gate and back fence around the business premises were down, and he noticed tire tracks going around the porch. The tractor, which he had left outside on the south side of the building, and the mowing deck, which had been on an east side porch at the back of a separately fenced-in area, were both missing. Neither item was ever recovered.

Police detectives subsequently spotted a streak of orange paint on the exterior of defendant's white van, and, after advising him of his *Miranda* rights and obtaining a waiver, questioned him about it. Defendant denied knowledge of the theft, but acknowledged that the van was his and that the keys to the van had been in his possession on the night of 9 October 1984. Defendant permitted the officers to search the interior of the van where they discovered additional particles of orange paint on one of the side doors, on a rib inside the van, and on the back of the front seat. The officers also noticed what appeared to be tire tracks on the van floor.

A chemical analysis of scrapings of the paint particles in the van revealed a match in color, texture, type, and elemental composition with paint from three empty aerosol cans taken from trash barrels where Harding said he had disposed of the eighteen cans of paint used to paint the missing tractor and mowing deck.

Defendant produced two witnesses who testified that defendant had previously transported lawn mowers in his van. The 12-year-old son of defendant's girl friend testified that he had helped defendant paint two push mowers with orange paint and had helped defendant transport them to a flea market, where one was sold. In addition, the boy testified that defendant had transported the boy's own riding mower on one occasion. On cross examination, Harding testified that he was aware defendant worked on mowers at his home in his off-hours, and that he had warned defendant that if the practice continued, defendant would be fired. Harding testified further that, in either September or early October 1984, defendant had brought a Simplicity riding mower to work in his van. The back portion of that mower was orange, its original color, but its front part had been painted white.

The essential elements of larceny are that defendant (1) took the property of another and (2) carried it away (3) without the owner's consent (4) with the intent to deprive the owner of the property permanently. *State v. Perry*, 305 N.C. 225, 287 S.E. 2d 810 (1982). Each of these elements must be established by sufficient, competent evidence. "[T]he essential facts can be proved by circumstantial evidence where the circumstance raises a logical inference of the fact to be proved and not just a mere suspicion or conjecture." *State v. Boomer*, 33 N.C. App. 324, 327, 235 S.E. 2d 284, 286 (1977).

The evidence presented by the State was circumstantial in nature. From the testimony and exhibits presented at trial, the jury could reasonably infer that the orange paint on defendant's van originated in cans identical or similar to those found in Harding's trash. It could also reasonably infer that the cans in the trash were the same cans used to paint the Jacobsen tractor and mowing deck. To conclude from these inferences that the paint on defendant's van came there by way of colliding with the tractor on the night of its disappearance is not an example of impermissibly stacked inferences, as defendant contends. Rather, it illuminates the difference between evidence that "reasonably conduces to its conclusion as a fairly logical and legitimate deduction" and evidence that "merely . . . raises a suspicion or conjecture in regard to [the fact in issue]." *State v. Johnson*, 199 N.C. 429, 431, 154 S.E. 730, 731 (1930). We find that the evidence in this case exemplifies the latter and raises only a suspicion or

conjecture in regard to whether the stolen tractor was in fact in defendant's van.

It is the jury's province to pass on circumstantial evidence and determine whether it excludes every other reasonable hypothesis. Whether the evidence is substantial on all essential elements is for the court to decide. *State v. Boomer*, 33 N.C. App. 324, 235 S.E. 2d 284. In determining whether a motion to dismiss was properly denied, we must consider all the evidence actually admitted in the light most favorable to the State. *State v. Irwin*, 304 N.C. 93, 282 S.E. 2d 439 (1981). Nevertheless, when the defendant has presented evidence explaining or making clear that which has been offered by the State, it too may be considered by the appellate court insofar as it is not inconsistent with the State's evidence. *State v. Evans and State v. Britton and State v. Hairston*, 279 N.C. 447, 183 S.E. 2d 540 (1971); *State v. Ross*, 44 N.C. App. 323, 260 S.E. 2d 777 (1979).

Defendant's witnesses presented a plausible explanation for the presence of the orange paint streaks on his van. No evidence was presented that might have deprived this explanation of its reasonableness. There was no evidence, for example, that the height of the paint streaks on the van sides corresponded to the typical dimensions of the same model of a Jacobsen tractor but not to the dimensions of the other mowers defendant allegedly transported. Nor was there any such evidence concerning axle spread or tire width as indicated by the apparent tire tracks inside the van.

> If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion to dismiss should be allowed. This is true even though the suspicion so aroused by the evidence is strong.

*State v. Earnhardt*, 307 N.C. 62, 66, 296 S.E. 2d 649, 652 (1982).

In prosecuting a criminal charge it is the State's burden to establish the following two propositions: "(1) that a crime has been committed; and (2) that it was committed by the person charged." *State v. Chapman*, 293 N.C. 585, 587, 238 S.E. 2d 784, 786 (1977). The State presented substantial evidence that the crime of larceny was committed—that the tractor and mowing

deck were the property of someone other than defendant, that they were carried away without the owner's permission, and that the intent of the taker was to deprive the owner of his property permanently. We hold, however, that the State failed to present evidence sufficient for the jury to find beyond a reasonable doubt that defendant committed the offense. This case is accordingly remanded to the Superior Court of Guilford County for entry of a judgment of nonsuit.

Reversed.

Chief Judge HEDRICK and Judge ARNOLD concur.