IN THE MATTER OF: KRYSTAL NICOLE PHILLIPS

No. COA97-581

(Filed 3 March 1998)

1. **Constitutional Law § 172 (NCI4th)— school suspension— subsequent larceny prosecution—not double jeopardy**

   The trial court did not err by denying a juvenile's motion to dismiss a summons and petition alleging that she had stolen money belonging to her school based upon double jeopardy where she had been suspended from school for ten days after being found in possession of the money at school. Under North Carolina law, suspension and expulsion from school for violation of school policies are not punishment invoking the protection of constitutional double jeopardy restrictions.

2. **Evidence and Witnesses § 1229 (NCI4th)— juvenile—theft of money at school—assistant principal not an agent of law enforcement—statement not suppressed**

   The trial court did not err by denying a juvenile's motion to suppress inculpatory statements and the fruits thereof obtained during questioning by an assistant principal about money stolen from the school. The assistant principal was not a sworn law enforcement officer, had no arrest power, was not affiliated with

an law enforcement agency, did not act as an agent of law enforcement but as an official of the school, and did not question the juvenile to obtain information for criminal proceedings but for school disciplinary purposes.

**3. Larceny § 110 (NCI4th)— theft of money at school—juvenile found with money—evidence of larceny—sufficient**

The trial court did not err by finding that a juvenile had committed larceny where a bank bag was stolen from a school office and the juvenile knew where the money was located and had possession of it recently after the theft.

Appeal by juvenile from order entered 3 January 1997 by Judge Edgar B. Gregory in Ashe County District Court. Heard in the Court of Appeals 28 January 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General Michelle Bradshaw, for the State.*

*Don Willey for juvenile-appellant.*

MARTIN, Mark D., Judge.

The juvenile, Krystal Nicole Phillips (Phillips), appeals from order adjudicating her a delinquent.

The evidence presented to the trial court tended to show the juvenile, Krystal Nicole Phillips, attended Beaver Creek High School (Beaver Creek), a public school in North Carolina. On the morning of 4 October 1996, Howard Pierce (Pierce), Beaver Creek's assistant principal, observed a bank bag containing the school's cash and checks stored under a counter in the school office. During lunch, Pierce saw Phillips enter the school office and approach the main counter while a secretary left the bank bag unattended. When the secretary returned, Phillips exited the office.

The secretary then discovered the bank bag and money were missing. When Pierce began to search for the missing money, he observed Phillips leaving the girls' restroom. Pierce and a female teacher entered the restroom and found the bank bag in a trash can. After discovering the empty bank bag, Pierce talked with Phillips and requested she lead him to the money. Phillips then went inside a bathroom stall and returned with the cash and checks.

Because Phillips was not given permission to remove the bank bag and its contents, school authorities suspended her from school for ten days. After the suspension, Phillips returned to school.

On 5 December 1996 Ashe County Clerk of Superior Court issued a juvenile summons and petition alleging Phillips unlawfully, wilfully, and feloniously stole, took or carried away coins, cash and checks valued at $5,277.00 belonging to Beaver Creek. At the hearing on 3 January 1997, the trial court denied the juvenile's motions to dismiss the petition based on double jeopardy and to suppress the juvenile's statements to Pierce. In an order issued 3 January 1997, the trial court determined the juvenile committed larceny. As a result, the trial court adjudicated Phillips a juvenile delinquent and placed her on juvenile probation for one year.

On appeal, the juvenile contends the trial court erred by (1) denying the juvenile's motion to dismiss; (2) denying the juvenile's motion to suppress her inculpatory statements; and (3) finding the State proved beyond a reasonable doubt that the juvenile committed larceny.

I.

[1] The juvenile first contends the trial court erred by denying her motion to dismiss. Specifically, the juvenile contends the trial court's adjudication placed her in double jeopardy because the public school had previously punished her for the same offense by suspending her from school for ten days.

The Double Jeopardy Clause of the United States Constitution prevents any person from being punished more than once for the same offense. U.S. Const., amend. V. The Double Jeopardy Clause "protects . . . against the imposition of *multiple* criminal punishments for the same offense . . . when such occurs in successive proceedings." *Hudson v. U.S.*, 118 S. Ct. 488, 493, 139 L. Ed. 2d 450, —— (1997) (emphasis in original) (citations omitted). The protection of the Double Jeopardy Clause applies to juvenile proceedings and attaches when the judge, as trier of fact, begins to hear evidence. *Breed v. Jones*, 421 U.S. 519, 531, 95 S. Ct. 1779, 1787, 44 L. Ed. 2d 346, 356-357 (1975).

However, under North Carolina law, suspension and expulsion "from a school for violation of school policies [are] not punishment so as to invoke the protection of constitutional double jeopardy restrictions." *State v. Davis*, 126 N.C. App. 415, 421, 485 S.E.2d 329,

333 (1997). Instead, the primary goal of suspension and expulsion is to protect the student body. *Id.* at 420, 485 S.E.2d at 332. "Any punishment that a particular child suffers is merely incidental to the purpose of protecting the school community as a whole." *Id.*

In the present case, the trial court did not err by denying the juvenile's motion to dismiss. Because the juvenile was only suspended from school, double jeopardy restrictions do not prevent the trial court from imposing its sentence. Accordingly, the juvenile's contention is without merit.

II.

[2] The juvenile further contends the trial court erred by denying her motion to suppress her inculpatory statements and the fruits thereof obtained during questioning by the assistant principal.

Statements obtained as a result of custodial interrogation without *Miranda* warnings are inadmissible. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612, 16 L. Ed. 2d 694, 706, *reh'g denied*, 385 U.S. 890, 87 S. Ct. 11, 17 L. Ed. 2d 121 (1966). A custodial interrogation is one "initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.*

A custodial interrogation may be conducted by an individual who acts as an agent of law enforcement but is not an officer. *State v. Morrell*, 108 N.C. App. 465, 470-471, 424 S.E.2d 147, 151, *disc. review denied*, 333 N.C. 465, 427 S.E.2d 626 (1993). However, free and voluntary statements made without *Miranda* warnings to private individuals unconnected with law enforcement are admissible at trial. *Id.* at 470, 424 S.E.2d at 150-151.

Because the juvenile in the instant case was not questioned by a law enforcement officer or its agent, the trial court did not err by admitting the juvenile's statements and the fruits thereof. Specifically, when questioning Phillips, Pierce did not act as an agent of law enforcement but as an official of the school. Pierce was not a sworn law enforcement officer, he had no arrest power, and was not affiliated with any law enforcement agency. Moreover, Pierce did not question the juvenile to obtain information to use in criminal proceedings but questioned her simply for school disciplinary purposes. Accordingly, the juvenile's contention is without merit.

IN RE PHILLIPS

[128 N.C. App. 732 (1998)]

III.

[3] Finally, the juvenile contends the trial court erred by finding the State proved the juvenile committed larceny beyond a reasonable doubt.

"The essential elements of larceny are that [the juvenile] (1) took the property of another and (2) carried it away (3) without the owner's consent (4) with the intent to deprive the owner of the property permanently." *State v. Lively*, 83 N.C. App. 639, 641, 351 S.E.2d 111, 113 (1986), *disc. review denied*, 319 N.C. 461, 356 S.E.2d 10 (1987). "[T]he essential facts can be proved by circumstantial evidence where the circumstance raises a logical inference of the fact to be proved and not just a mere suspicion or conjecture." *State v. Boomer*, 33 N.C. App. 324, 327, 235 S.E.2d 284, 286, *disc. review denied*, 293 N.C. 254, 237 S.E.2d 536 (1977).

A person found in unexplained possession of recently stolen property is presumed to be the thief if (1) the property is stolen, (2) the property stolen was possessed by the accused, and (3) the accused possessed the stolen property recently after the larceny. *State v. Foster*, 268 N.C. 480, 485, 151 S.E.2d 62, 66 (1966). Simply, " 'the [accused's] possession of the fruits of the crime recently after its commission [justify] the inference of guilt on his trial for larceny.' " *State v. Knight*, 261 N.C. 17, 26, 134 S.E.2d 101, 107 (1964) (quoting *State v. Best*, 232 N.C. 575, 577, 61 S.E.2d 612, 613 (1950)). However, the accused does not have to physically possess the stolen property; instead, it is "sufficient if the property was under his exclusive personal control." *Foster*, 268 N.C. at 487, 151 S.E.2d at 67.

In the present case, there is sufficient evidence in the record to support the trial court's determination that the juvenile committed the offense of larceny. Specifically, Pierce last saw the bank bag containing money approximately thirty minutes before it was stolen. He later observed Phillips in the main office standing alone within three feet of the unattended bank bag. When the school secretary returned to attend the bank bag, Phillips exited the office. Thereafter, the secretary discovered the bank bag was missing.

When Pierce was notified the bank bag was missing, he found the empty bank bag in the girls' bathroom where he had observed Phillips after she left the office. When Pierce questioned Phillips, Phillips returned to the bathroom and revealed where the money was hidden.

Because Phillips knew where the money was located and had possession of it recently after the theft, the trial court's determination that the juvenile committed larceny is supported by sufficient evidence. Accordingly, the juvenile's contentions are without merit.

Affirmed.

Judges GREENE and JOHN concur.