675 S.E.2d 342 (2009)
In the Matter of W.R.
No. 560PA06.
Supreme Court of North Carolina.
May 1, 2009.
*343 Roy Cooper, Attorney General, by William P. Hart, Senior Deputy Attorney General, for the State-appellant.
Michelle FormyDuval Lynch, Whiteville, for juvenile-appellee.
PARKER, Chief Justice.
The issue before this Court is whether the Court of Appeals erred in finding plain error in the trial court's admission of evidence of defendant's statements to school officials. For the reasons stated herein, we reverse the decision of the Court of Appeals.
The record shows that on 19 August 2004, Jesse Pratt, the principal of Allen Middle School in Guilford County, received a call from a concerned parent. Based on the information gathered in that call, Mr. Pratt and Dr. Judy Flake, the assistant principal, went to W.R.'s classroom and escorted W.R., a fourteen-year-old seventh grader, to Dr. Flake's office. While in the office, Mr. Pratt and Dr. Flake asked W.R. several times whether he had anything in his possession at school then or on the previous day that he should not have had. W.R. repeatedly answered that he had not.
At some point the school resource officer, Officer E.W. Warren, joined Mr. Pratt and Dr. Flake in their questioning of W.R. After about fifteen minutes of questioning, W.R. was asked to empty his pockets, and Officer Warren did a basic search for weapons. W.R.'s locker was also searched. The searches revealed nothing.
Mr. Pratt, Dr. Flake, and Officer Warren left the office at various times during the questioning. During these times W.R. was never left unsupervised, and Officer Warren remained in the room during most of the questioning. After talking with other students, Dr. Flake informed W.R. that other students had said that W.R. possessed a knife at school the day before. Dr. Flake also told W.R. that "this is very serious. If you did you need to tell us the truth." At this point, which was approximately thirty minutes after the questioning began, upon being told of the other students' allegations, W.R. admitted possessing a knife the day before at school and on the bus.
While this investigation was taking place, a search of W.R.'s records revealed that W.R. did not live in that school district, so the decision was made not to return W.R. to his class but to have his parents pick him up and take him to his assigned school. W.R. was kept in Dr. Flake's office until his mother arrived about an hour and a half after W.R. had been removed from class.
On 7 October 2004, Officer Warren filed a petition in District Court, Guilford County alleging W.R. was a delinquent juvenile as defined by N.C.G.S. § 7B-1501(7) in that he unlawfully and willfully possessed a weapon on school property in violation of N.C.G.S. § 14-269.2(d). On 21 January 2005, the trial court adjudicated W.R. delinquent and subsequently entered a dispositional order placing W.R. on Level One probation for six months. W.R. appealed, and on 3 October 2006, the Court of Appeals issued a unanimous opinion vacating the adjudication of delinquency and subsequent dispositional order. In re W.R., 179 N.C.App. 642, 634 S.E.2d 923 (2006). The State filed an application for temporary stay, a petition for writ of supersedeas, and a petition for discretionary review, all of which were allowed by this Court.
Before the Court of Appeals, respondent, contending that he was in custody during the interrogation, argued that the trial court committed plain error by admitting evidence of statements respondent made as a result of the interrogation without making a finding that he waived his rights, in violation of N.C.G.S. § 7B-2101 and the Fifth Amendment to the United States Constitution. The Court of Appeals agreed, holding that respondent was in custody and that the trial court committed plain error in admitting respondent's incriminatory statements. Id. at 646, 634 S.E.2d at 926-27. Before this Court, the State contends that the Court of Appeals erred in its determination that respondent was in custody and subjected to custodial interrogation when he admitted to possessing the knife on school property.
*344 At the outset we note that respondent did not make a motion to suppress or object when his admissions came into evidence and did not raise these statutory and constitutional issues at trial; consequently, the trial court did not have the opportunity to consider or rule on these issues. See, N.C. R.App. P. 10(b)(1). Thus, respondent failed to preserve these issues for appellate review. See, e.g., State v. Lawrence, 352 N.C. 1, 13, 530 S.E.2d 807, 815 (2000) (holding that defendant failed to raise a constitutional issue at trial and therefore, waived appellate review of that issue), cert. denied, 531 U.S. 1083, 121 S.Ct. 789, 148 L.Ed.2d 684 (2001). Under the plain error doctrine, errors or defects affecting a fundamental right may be addressed even though they were not previously brought to the attention of the court. N.C. R.App. P. 10(c)(4); State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). "However, plain error review is limited to errors in a trial court's jury instructions or a trial court's rulings on admissibility of evidence." State v. Golphin, 352 N.C. 364, 460, 533 S.E.2d 168, 230-31 (2000) (citing State v. Cummings, 346 N.C. 291, 313-14, 488 S.E.2d 550, 563 (1997), cert. denied, 522 U.S. 1092, 118 S.Ct. 886, 139 L.Ed.2d 873 (1998)), cert. denied, 532 U.S. 931, 121 S.Ct. 1379, 149 L.Ed.2d 305 (2001).
As the Court of Appeals noted, Miranda warnings and the protections of N.C.G.S. § 7B-2101 apply only to custodial interrogations. In re W.R., 179 N.C.App. at 645, 634 S.E.2d at 926. "Custodial interrogation" is defined as "`questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.'" State v. Buchanan, 353 N.C. 332, 337, 543 S.E.2d 823, 826 (2001) (quoting Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694, 706 (1966) (emphasis added)). The test for determining if a person is in custody is whether, considering all the circumstances, a reasonable person would not have thought that he was free to leave because he had been formally arrested or had had his freedom of movement restrained to the degree associated with a formal arrest. Id. at 338-40, 543 S.E.2d at 827-28. Absent indicia of formal arrest, that police have identified the person interviewed as a suspect and that the interview was designed to produce incriminating responses from the person are not relevant in assessing whether that person was in custody for Miranda purposes. Stansbury v. California, 511 U.S. 318, 324, 114 S.Ct. 1526, 128 L.Ed.2d 293, 300 (1994).
Because Miranda is limited to custodial interrogations, "statements made to private individuals unconnected with law enforcement are admissible so long as they were made freely and voluntarily." State v. Etheridge, 319 N.C. 34, 43, 352 S.E.2d 673, 679 (1987) (citations omitted). Even if the person occupies some official capacity or position of authority, Miranda does not apply to questioning by such persons unless the person is acting as an agent of law enforcement. Id. at 43-44, 352 S.E.2d at 679 (citations omitted).
In the present case, the Court of Appeals placed substantial emphasis on the role of the school resource officer. In re W.R., 179 N.C.App. at 643, 646, 634 S.E.2d at 925, 926-27. However, no motion to suppress respondent's statement was made and no objection was raised at the time the inculpatory statement came into evidence. In fact defense counsel first elicited the statement on cross-examination of the State's first witness, Jesse Pratt, the school principal. Inasmuch as no motion to suppress was made, no evidence was presented and no findings were made as to either the school resource officer's actual participation in the questioning of W.R. or the custodial or noncustodial nature of the interrogation. Nor were any findings made as to whether the statements were freely and voluntarily made.
After careful review, we are not prepared based on the limited record before this Court to conclude that the presence and participation of the school resource officer at the request of school administrators conducting the investigation rendered the questioning of respondent juvenile a "custodial interrogation," requiring Miranda warnings and the protections of N.C.G.S. § 7B-2101.
No conflicting evidence having been presented, the trial court, sitting as judge and *345 jury, was not required to make findings of fact and conclusions of law as to the voluntariness of the statement. See State v. Keith, 266 N.C. 263, 266-67, 145 S.E.2d 841, 843-44 (1966) (holding that when on voir dire the evidence is not in conflict as to the voluntariness of a confession, the trial judge is not required to make findings of fact before ruling on defendant's objection to introduction of the confession). Under these circumstances, the trial court did not err in admitting, without objection, respondent's statement admitting that he possessed the knife on school property.
For the foregoing reasons, the decision of the Court of Appeals is reversed.
REVERSED.